AO 106 (Rev. 04/10) Application for a Search Warrant     AUTHORIZED AND APPROVED/DATE: s/Travis Leverett 1/31/2024

# UNITED STATES DISTRICT COURT
### for the
### Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. MJ-24-79-STE
A gray APPLE iPHONE 11 PRO MAX, IMEI#35286567622182, )
currently located at FBI Oklahoma City, 3301 W Memorial Road, )
Oklahoma City, Oklahoma )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Western___ District of ___District___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:
See affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Andrew Sullivan, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __Feb 2, 2024__

Shon T. Erwin
*Judge's signature*

City and state: Oklahoma City, Oklahoma

Shon T. Erwin, U.S. Magistrate Judge
*Printed name and title*

# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Andrew Sullivan, a Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice, being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent with the FBI since January 2019. I am currently assigned to a violent crime squad at the FBI Oklahoma City Division. Since becoming a Special Agent, I have been involved in a wide variety of investigative matters, including criminal enterprise investigations, most of which involved the unlawful distribution of narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. Additionally, I have executed search and arrest warrants, conducted physical surveillance, coordinated controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and spoken with informants and subjects, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs. I have previously worked on multiple criminal enterprise investigations that have used Title III (T-III) wiretaps, which included the monitoring of calls and making determinations regarding pertinent/non-

pertinent calls, privileged calls, and minimization of calls. Lastly, as part of my training and experience, I have become familiar with how drug dealers often use coded language to discuss drug transactions in attempts to disguise the true nature of those transactions.

2. I am submitting this Affidavit in support of a search warrant authorizing a search of a cellular telephone; a gray Apple I-phone 11 pro max cell phone, IMEI# 35286567622182, with locked screen, (hereinafter SUBJECT PHONE)—as further described in Attachment A, which is incorporated into this Affidavit by reference.

3. The FBI in Oklahoma City has custody of the SUBJECT PHONE in Oklahoma City, Oklahoma. I am submitting this Affidavit in support of a search warrant authorizing a search of the SUBJECT PHONE for the items specified in Attachment B hereto, wherever they may be found, and to seize all items in Attachment B as instrumentalities, fruits, and evidence of the aforementioned crimes.

4. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with

other law enforcement officers and witnesses, and review of documents and records.

## BACKGROUND OF INVESTIGATION

5. On December 28, 2023, Sgt. C. Seale of the CITCO (Criminal Interdiction Team of Central Oklahoma) was traveling east on Interstate 40 approaching Hiwassee Road, in a clearly marked construction zone in Oklahoma City, Oklahoma. This portion of the highway has a posted 45 miles per hour (mph) speed limit. Sgt. C. Seale observed a white Nissan Murano with California tag 9FAB254 traveling in front of him. Sgt. C. Seale began pacing the white Murano at the time, which was traveling at 60 mph in the posted 45mph zone. Sgt. C. Seale initiated a traffic stop at exit 166 located at I-40 and Choctaw Road. Sgt. C. Seale made contact with the driver of the vehicle, who was the sole occupant of the vehicle. The driver of the vehicle was later identified as Simon Velazquez-HERNANDEZ. HERNANDEZ handed Sgt. C. Seale his California driver's license and Sgt. Seale advised HERNANDEZ why he was stopping HERNANDEZ.

6. HERNANDEZ told Sgt. Seale that he was confused about the speed limit because the global positioning system (GPS) was telling HERNANDEZ the speed limit was 70 mph. Sgt. Seale then advised HERNANDEZ that it was a construction zone, and it was clearly marked with signs. While talking to HERNANDEZ, Sgt. Seale learned the vehicle

HERNANDEZ was driving was a rental. HERNANDEZ told Sgt. Seale that he was traveling to visit a friend and was taking Christmas presents.

7. Sgt. Seale stated that HERNANDEZ made it a point to grab one of the presents from the backseat floorboard and hold it up. Sgt. Seale stated the presents were placed in a conspicuous place that would be easily visible to law enforcement should HERNANDEZ encounter law enforcement.

8. Sgt. Seale also observed a couple items that appeared odd in the vehicle. The first item was a radar detector, which Sgt. Seale stated it is common for drug traffickers or criminals to use to detect law enforcement while traveling. The other item is a "dream catcher" hanging from the rear-view mirror. This type of item is commonly used in effort to personalize the vehicle they are driving to help blend in with other travelers. These items are commonly purchased at truck stops or gas stations during highway travel.

9. HERNANDEZ provided Sgt. Seale with a rental agreement from AVIS car rental indicating he had rented the car on December 22, 2023, and the vehicle was due back in California on December 28, 2023. It should be noted, it was later found that the rental agreement HERNANDEZ provided Sgt. Seale was for a completely different vehicle. No rental agreement was located for this particular vehicle. The vehicle registration was to PV Holding Corp, confirming it to be a rental vehicle.

10. Sgt. Seale requested HERNANDEZ to exit the vehicle and walk back behind the vehicle. HERNANDEZ then exited and walked back with Sgt. Seale. Sgt. Seale asked HERNANDEZ if he could pat search HERNANDEZ for any weapons, and he agreed to the search and no weapons were found. Sgt. Seale then escorted HERNANDEZ back to his car. Sgt. Seale asked HERNANDEZ where he was going, and HERNANDEZ stated he was traveling to Little Rock, Arkansas; and he was going to be there for one day and he would be returning back home. HERNANDEZ then sat in the back seat of the patrol car, so Sgt. Seale could complete his law enforcement checks on HERNANDEZ.

11. Sgt. Seale confirmed with HERNANDEZ the time frame in which HERNANDEZ was travelling. HERNANDEZ told Sgt. Seale he was travelling for three (3) days, appearing to indicate he was driving for three (3) days and then changed his story to staying in Arkansas for two (2) days before travelling back to California. HERNANDEZ stated that he had to get back to California for work.

12. A short time later HERNANDEZ stated that he had to leave to go back to California on December 28th, 2023, which was the current date, and the same date that HERNANDEZ stated that he had to get back to work. HERNANDEZ did not appear to have any concept of his travel plans nor did he appear to know what days it was. Based on the conversation, Sgt. Seale

observed inconsistencies of HERNADEZ'S travel and observed HERNANDEZ was very nervous and distracted.

13. Sgt. Seale asked HERNANDEZ if there was anything illegal in the vehicle and asked about large amounts of methamphetamine in the vehicle. Sgt. Seale observed a slight change in behavior from HERNANDEZ after asking the question. Sgt. Seale then requested to search the vehicle and HERNANDEZ paused for a moment and stated "yeah" by nodding.

14. Sgt. Seale stated that due to a language barrier he requested a K-9 unit to assist in his stop. MSgt. Dake and his K-9 partner Dirk arrived at the traffic stop to assist. Sgt. Seale advised MSgt. Dake the reason for the stop and the K-9 request. Dirk then started to screen the exterior of the vehicle and had a positive alert.

15. While conducting a probable cause search near the driver's side of the vehicle, MSgt. Dake located bundles of contraband under the center console. The bundles were located near the gas pedal behind a plastic cover.

16. The roadside search of the vehicle was halted at this point for officer safety issues due to highway traffic and moved to the CITCO office for further investigation.

17. HERNANDEZ and the vehicle were transported to the CITCO office to conduct a more thorough search of the vehicle. During the search, MSgt. Dake found four (4) black plastic wrapped bundles that were located and

recovered from the front portion of the middle console on the driver side, near the gas pedal. These bags were recovered and labeled by MSgt. Dake and one was opened. The bundle was found to be wrapped in black plastic wrap, double sandwich bagged with dryer sheets in the middle, and each contained a white crystal substance consistent with crystal methamphetamine. The four (4) bundles were found to have a total package weight of 4.5 pounds and the contents of the bag was field tested by MSgt. Dake, yielding a positive result as methamphetamine.

18. An additional 36.46 pounds of methamphetamine were located in the middle console of the vehicle, for a total weight of approximately 40.96 pounds of methamphetamine seized from the vehicle. The evidence was then booked into the Oklahoma City Police property room under case 2023-0094581.

19. MSgt. Dake also located a gray Apple iPhone with IMEI# 35286567622182 with a clear case from the driver side dashboard in front of the speedometer, which was booked into the Oklahoma City Police department property room.

20. HERNANDEZ was then placed under arrest for aggravated trafficking a controlled dangerous substance and booked into the Oklahoma County Detention Center.

21. Based upon my training and experience, I am aware that individuals involved in trafficking illegal narcotics often use cell phones to

maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

22. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **SUBJECT PHONE**. Therefore, I respectfully request that this Court issue a search warrant for the **SUBJECT PHONE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

Andrew Sullivan
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me **Feb 2, 2024**

SHON T. ERWIN
United States Magistrate Judge

## ATTACHMENT A

1.  The property to be searched is a gray Apple iPhone 11 Pro Max cell phone, IMEI# 35286567622182 (hereinafter **SUBJECT PHONE**). The **SUBJECT PHONE** is currently located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, Oklahoma. A photo of the **SUBJECT PHONE** is below:



(front)



(rear)

2. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a

complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

Electronically stored information including, but not limited to, the phone directory and/or contacts list, calendar, location history, text messages, multi-media messages, e-mail messages, call logs, photographs, and videos.